IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAVESHURE N. MOYO, III,     Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-13-2033 |
| CENTRICA PLC, *et al.*,     Defendants. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 5] filed by Defendants Direct Energy Marketing Limited ("Direct Energy") and Centrica PLC ("Centrica"). By Order [Doc. # 8] entered November 12, 2013, the Court granted Plaintiff Tavehure N. Moyo III's request for an extension of time to respond to the Motion to Dismiss, and extended the response deadline to December 19, 2013. The Court cautioned Plaintiff that failure to respond would result in the dismissal of this lawsuit. Plaintiff neither filed a response by the deadline nor requested an additional extension. Having reviewed the record and relevant legal authorities, the Court **grants** the Motion to Dismiss.

## I.   BACKGROUND

Plaintiff worked for Direct Energy in Calgary, Canada, until his employment was terminated on April 30, 2010. On April 16, 2012, Plaintiff filed a lawsuit against

these same Defendants in the United States District Court for the District of Maryland. *See Moyo v. Direct Energy*, Civil Action No. 1:12cv1155-JKB. In the Maryland case, Plaintiff asserted claims of discrimination and retaliation under Title VII. *See id.* (Complaint [Doc. # 5-1]). The Maryland case was dismissed in January 2013 because Plaintiff failed to file a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and because Title VII does not apply to alleged acts of discrimination and retaliation that occur outside the United States. *See id.* (Memorandum [Doc. # 5-2]).

On July 8, 2013, Plaintiff filed the same lawsuit against the same Defendants in this Court. Again, Plaintiff asserted Title VII claims of discrimination and retaliation. Defendants moved to dismiss, arguing that Plaintiff failed to satisfy the Title VII exhaustion requirements and that Title VII does not apply to Plaintiff's claims of discrimination and retaliation against him in Canada. The Motion to Dismiss is ripe for decision.

## II.     **TITLE VII TIME LIMITATIONS**

### A.     **Deadline for EEOC Charge of Discrimination**

A plaintiff who believes he has been the victim of discrimination or retaliation in violation of Title VII must file his Charge of Discrimination within 180 days of the alleged unlawful employment practice, unless he has begun proceedings with a state

or local agency, in which case the limitations period is extended to 300 days. *See* 42 U.S.C. § 2000e–5(e)(1); *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006); *Noack v. YMCA of Greater Houston Area*, 418 F. App'x 347, 351 (5th Cir. Mar. 16, 2011). The timely filing of the Charge of Discrimination is a prerequisite to filing a lawsuit asserting a violation of Title VII. *See Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009); *Noack*, 418 F. App'x at 351.

Plaintiff's employment with Direct Energy was terminated in April 2010. Plaintiff filed a Charge of Discrimination with the EEOC in June 2012, more than two years later. In February 2013, after his lawsuit in Maryland was dismissed, Plaintiff filed a second EEOC Charge. Each of these EEOC Charges was filed more than 180 (and more than 300) days after Plaintiff was discharged. Because Plaintiff failed to file a timely charge of discrimination and retaliation, Defendants are entitled to dismissal of this lawsuit.

### B.     Deadline for Lawsuit

Under Title VII, suit must be filed within ninety days of receipt of a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002); *Taylor v. Seton Brackenridge Hosp.*, 349 F. App'x 874, 876 (5th Cir. Sept. 30, 2009).

The EEOC issued a Notice of Right to Sue on June 6, 2012. On March 22, 2013, the EEOC issued a Notice of Right to Sue following Plaintiff's second EEOC Charge. Plaintiff filed this lawsuit on July 8, 2013, more than 90 days after the EEOC's Notice of Right to Sue. As a result, Plaintiff's lawsuit is dismissed as untimely filed.

## III.   TERRITORIAL REACH OF TITLE VII

Title VII does not apply to individuals who are not citizens of the United States who are employed outside the United States. *See Mota v. Univ. of Texas Houston Health Science*, 261 F.3d 512, 524 n.34 (5th Cir. 2001) (citing 42 U.S.C. § 2000e(f); § 2000e-1(a)). Plaintiff does not allege that he was a citizen of the United States when he worked for Direct Energy in Canada, nor does he allege that he was ever employed by Direct Energy in the United States. Plaintiff alleges no discrimination or retaliation against him in the United States. As a result, Plaintiff's allegations fail to state a claim within the scope of Title VII, and Defendants' Motion to Dismiss is granted.

## IV.   CONCLUSION AND ORDER

Plaintiff failed to file a timely Charge of Discrimination, and failed to file his lawsuit within 90 days after receipt of the EEOC's Notice of Right to Sue. Additionally, Plaintiff does not allege a factual basis from which it would appear that Title VII applies to the challenged conduct. It is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 5] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate final Order of Dismissal.

SIGNED at Houston, Texas, this 24th day of **December, 2013**.

_____
Nancy F. Atlas
United States District Judge