IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAVESHURE N. MOYO, III, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CENTRICA PLC, *et al.*, § <br> Defendants. § | CIVIL ACTION NO. H-13-2033 |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Reconsideration [Doc. # 13] filed by Plaintiff Taveshure N. Moyo III, to which Defendants Direct Energy Marketing Limited ("Direct Energy") and Centrica PLC ("Centrica") filed a Response [Doc. # 15]. Having reviewed the record and relevant legal authorities, the Court **denies** the Motion for Reconsideration.

## **I.     BACKGROUND**

Plaintiff worked for Direct Energy in Calgary, Canada, until his employment was terminated on April 30, 2010. On April 16, 2012, Plaintiff filed a lawsuit against these same Defendants in the United States District Court for the District of Maryland. *See Moyo v. Direct Energy*, Civil Action No. 1:12cv1155-JKB. In the Maryland case, Plaintiff asserted claims of discrimination and retaliation under Title VII. *See id.* (Complaint [Doc. # 5-1]). The Maryland case was dismissed in January 2013 because

Plaintiff failed to file a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See id.* (Memorandum [Doc. # 5-2]).

On July 8, 2013, Plaintiff filed the same lawsuit against the same Defendants in this Court. Again, Plaintiff asserted Title VII claims of discrimination and retaliation. Defendants moved to dismiss, arguing that Plaintiff failed to satisfy the Title VII exhaustion requirements. By Memorandum and Order [Doc. # 10] and Final Judgment [Doc. # 11] entered December 24, 2013, the Court granted Defendants' Motion and dismissed this lawsuit with prejudice. The Court held that Plaintiff failed to file a timely EEOC charge and failed to file this lawsuit within ninety days after receiving the EEOC's Notice of Right to Sue.

On January 29, 2014, Plaintiff filed his Motion for Reconsideration, which is now ripe for decision.

## II.   STANDARD FOR RECONSIDERATION

Plaintiff does not identify the basis for his request for reconsideration. The Motion for Reconsideration was filed on January 29, 2014, more than twenty-eight days after entry of the Court's ruling on December 24, 2013. As a result, the Motion is evaluated under Rule 60(b) of the Federal Rules of Civil Procedure. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

> Rule 60(b) contains six alternative grounds for relief:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

FED. R. CIV. P. 60(b). Because Plaintiff does not allege a factual basis for the application of paragraphs (b)(1)-(b)(5), it appears that Plaintiff is seeking reconsideration pursuant to Rule 60(b)(6). This section of Rule 60(b) permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6). It is "a residual or catchall provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Indeed, Rule 60(b)(6) relief should be granted only where extraordinary circumstances are present. *See Ackerman v. United States*, 340 U.S. 193, 201 (1950); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005).

### III. <u>ANALYSIS</u>

Plaintiff argues that his EEOC Charge and this lawsuit were timely filed. The record reflects, however, that Plaintiff's employment with Direct Energy was

terminated in April 2010. Plaintiff filed his first Charge of Discrimination with the EEOC in June 2012, more than two years later. In February 2013, after his lawsuit in Maryland was dismissed, Plaintiff filed a second EEOC Charge. Each of these EEOC Charges was filed more than 180 (and more than 300) days after Plaintiff was discharged. Consequently, Plaintiff's argument that he filed a timely charge of discrimination and retaliation with the EEOC is refuted by the record.

## IV.  CONCLUSION AND ORDER

As the Court held in the December 2013 Memorandum and Order, Plaintiff failed to file a timely Charge of Discrimination. Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 13] is **DENIED**.

SIGNED at Houston, Texas, this __28th__ day of **February, 2014**.

Nancy F. Atlas
United States District Judge